

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RICHARD BOGGS,<br>　　　Plaintiff,<br><br>vs.<br><br>LOGIC TECHNOLOGY, INC. and UNITED STATES,<br>　　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:17-2166-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATIONS
AND GRANTING DEFENDANT LOGIC TECHNOLOGY INC.'S
AND THE UNITED STATES' MOTIONS TO DISMISS**

Plaintiff Richard Boggs complains Defendants Logic Technology, Inc., (LTI) and the United States improperly withheld federal income taxes from his wages while he was an LTI employee. Boggs seeks monetary damages and declaratory relief. He is proceeding pro se.

The matter is before the Court for review of: (1) the Report and Recommendation of the United States Magistrate Judge suggesting LTI's motion to dismiss be granted (Report I); (2) Boggs's Sur-reply to LTI's reply to his response to its motion to dismiss (Boggs's Sur-reply); and (3) the Magistrate Judge's Report and Recommendation advising the Court to grant the United States' motion to dismiss (Report II). The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report I on November 7, 2017. The Clerk of Court entered Boggs's Sur-reply on November 9, 2017, and his objections on November 17, 2017 (Objections I). Given the interconnectedness of Boggs's claims against LTI and the United States, the Court decided it best to wait and consider Report I, which analyzes LTI's motion to dismiss, contemporaneously with Report II, which discusses the United States' motion to dismiss.

The Magistrate Judge filed Report II on February 21, 2018; and the Clerk filed Boggs's objections on March 6, 2018 (Objections II).

Having carefully reviewed Boggs's Sur-reply and both sets of his objections, the Court holds them all to be without merit. It will therefore enter judgment accordingly.

LTI withheld federal taxes from Boggs's wages after it received a lock-in letter from the Internal Revenue Service (IRS) instructing it to do so. The letter directed LTI to disregard the W-4 Employee's Withholding Allowance Certificate Boggs previously submitted to LTI and withhold income taxes from his wages at a specified rate. LTI complied with the IRS's letter and withheld income taxes from Boggs's wages.

***Boggs's Sur-reply***

Although Boggs filed his sur-reply after the Magistrate Judge filed Report I, in an abundance of caution, the Court will address his arguments from that submission.

First, Boggs takes issue with LTI's argument it "is protected from legal liability for complying with withholding obligations imposed upon them by federal law." Boggs's Sur-reply 1. Boggs's claim is without merit.

The relevant statute is clear: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403. Accordingly, "an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to do so by the Internal Revenue Service." *Benz v. United Parcel Serv.*, 815 F.2d 75 (6th Cir. 1987).

Second, Boggs disagrees with LTI's "argument regarding the 26 USC § 3201 definition of "employee"[ ] and use of the term "includes[.]" Boggs's Sur-reply 5. Inasmuch as Section 3401, not Section 3201, is the relevant statute, the Court assumes Boggs's citation to 26 USC § 3201 is a scrivener's error.

LTI maintains Boggs is an employee, as defined by Section 3401, whose wages are subject to federal income taxes. Boggs argues he is not. The Court agrees with LTI.

In accordance with Section 3401(c), "the term 'employee' includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term 'employee' also includes an officer of a corporation." 26 U.S.C. § 3401(c).

Boggs's contention "that under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute. It is obvious that within the context of [this statute] the word 'includes' is a term of enlargement not of limitation, and

the reference to certain entities or categories is not intended to exclude all others." *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985).

Boggs's argument was also "rejected in Revenue Ruling 2006-18, 2006-1 CB 743 (March 16, 2006), which states that all employees, not just federal employees and those living in federal territories and enclaves, are subject to income and employment taxes." Report I 3 (internal quotation marks omitted).

Third, Boggs complains LTI's motion to dismiss is untimely. The Court is unpersuaded.

Here is the entirety of Boggs's argument as to this claim:

> As evidenced by the Affidavit of Service provided to this Court and in adherence with Fed. R. Civ. P. 12 (a)(2), service was made on [LTI] on 9/21/2017 @ 10:50 AM. Not counting the day of service as prescribed by Fed. R. Civ. P. 12 (a)(2), the 21-day period for responding ended on 10/13/2017, not 10/20/2017[,] as claimed by [LTI]. The rule makes an exception only for the day of service and none other. Therefore, [LTI's] answer was untimely after 10/13/2017[,] and [Boggs] is entitled to a default judgement as clearly specified in the summons.

Boggs's Sur-reply 12. It appears this is in reference to the Schenectady County Office of the Sheriff's (SCOS) Affidavit of Service stating it affixed a copy of Boggs's summons and complaint to LTI's door in Schenectady, New York on September 21, 2017. *See* ECF No. 19-3.

Rule 4(h) sets forth the proper procedure for serving a domestic corporation such as LTI. As is applicable to this case, "a domestic . . . corporation . . . must be served . . . in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A).

Rule 4(e)(1) provides "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general

4

jurisdiction [(a)] in the state where the district court is located or [(b)] where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The Court looks first to the state law for serving a summons in the state where this Court is located. In so doing, the Court has failed to find, and Boggs has neglected to provide, any South Carolina rule or caselaw stating the affixing of a copy of the summons and complaint to a domestic corporation's door constitutes proper service.

Turning to the state law for serving a summons "where service is made" portion of Rule 4(e)(1), LTI points out, according to New York law, nail mail substitute service is an inappropriate means for serving corporate entities. Read literally, however, Rule 4(h)(1)(A) instructs us to look at how an individual can be properly served to determine the appropriate method to serve a domestic corporation. *See* Fed. R. Civ. P. 4(h)(1)(A) ("[A] domestic . . . corporation . . . must be served . . . in the manner . . . for serving an individual[.]"). And, an individual can be served by "nail mail" in New York. *See* N.Y. C.P.L.R. 308(4) (After diligently attempting personal service on the defendant or another individual of suitable age and discretion, the plaintiff may effect service by "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person[.]").

Unfortunately for Boggs, however, there is nothing in the record (1) demonstrating he attempted personal service on LTI before the summons and complaint was affixed to LTI's door or (2) that he mailed the summons and complaint afterwards. But, N.Y. C.P.L.R. 308(4) requires both. *See Kaszovitz v. Weiszman*, 110 A.D.2d 117, 120 (N.Y. App. Div.1985) (mandating "strict compliance with the prerequisites of 'nail and mail' service provided for in CPLR 308(4)[ ]"). Thus, even if the Court assumes nail mail service on LTI might have been allowed under the proper

5

circumstances, Boggs failure to abide by the dictates of the "nail mail" rule are fatal to any claim he properly served LTI by that means.

Concerning the date LTI filed its motion to dismiss, Electronic Case Filing Policies and Procedures District of South Carolina, December 1, 2016, provides, as is relevant here: "the date calculated by the ECF System controls as the deadline[ ]" a document is due to the Court. The ECF calculated answer deadline for LTI was October 20, 2017. ECF No. 19. That is the same date LIT filed its motion to dismiss, which it is allowed to do rather than filing an answer. *See* Fed. R. Civ. P. 12(b) (enumerating the defenses a defendant may raise instead of filing an answer). Thus, for all these reasons, LTI's motion to dismiss was timely.

But even if LTI's motion had been untimely and it had been in default, the Court would look to Fourth Circuit precedent that has "[t]raditionally . . . held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). "Whether a party has taken reasonably prompt action, of course, must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly." *Id*. (internal quotation marks omitted). "Further, all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Id*. (citation omitted) (internal quotation marks omitted).

Here, LTI filed its motion to dismiss within a week of when Boggs says its was due. And, as detailed above, LTI has a meritorious defense. Thus, inasmuch as Boggs would not be prejudiced, assuming LTI had been in default, the Court would set it aside.

Fourth, Boggs states he "is unmoved by defendant counsel's apparent threat that the plaintiff is subject to civil and criminal penalties for asserting his interpretation of relevant statutes." Boggs's Sur-reply 12 (internal quotation marks omitted) (ellipses omitted). He then lists several alleged "substantial civil and criminal penalties facing the defendant(s)[.]" *Id.* (internal quotation marks omitted). Inasmuch as this conclusory claim is not properly before the Court, the Court will refrain from providing any discussion on it.

### *Objections I*

In Boggs's first objection, he objects to the Magistrate Judge not recommending LTI is in default inasmuch as it "failed to reply . . . in the allotted time." Objections I 2. As stated above, however, this argument lacks any merit. Thus, the Court will overrule this objection.

Second, Boggs objects to the Magistrate Judge's suggestion he fails to "meet the definition of 'employee' as defined in 26 USC § 3401." Objections I 3. The Court considered this issue above, too, and held it to be without merit. It need not repeat the discussion here. Accordingly, the Court will overrule this objection as well.

Third, Boggs objects to the Magistrate Judge's recommendation the Court hold "LTI is protected from legal liability for complying with withholding obligations imposed upon them by federal law." Objections I 10. The Court also discussed and rejected this argument above. It will therefore overrule this objection, too.

### *Objections II*

Boggs neglects to posit any specific objections to Report II. He instead argues the Magistrate Judge erred in finding the United States' motion to dismiss was timely such that it is not in default. The Court is unpersuaded.

7

To perfect service on the United States by mail, Boggs was required to "send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office . . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)(ii) & (B). The Court agrees with those courts holding service is incomplete until all parties required to be served have been served. *See, e.g., Koerner v. United States*, 246 F.R.D. 45, 48 (D.D.C. 2007) ("The United States is not 'served' until and unless all . . . entities are served.").

Boggs filed his complaint on August 16, 2017; the United States Attorney's office was served by mail on September 18, 2017; and the Attorney General was served via mail on September 19, 2017. The United States then had sixty days after both entities had been were served on September 19, 2017, to file its motion. *See* Fed. R. Civ. P. 12(a)(2) (stating the United States has sixty days after service to file an answer); Fed. R. Civ. P. 12(b) (enumerating the defenses a defendant may raise instead of filing an answer).

In calculating the sixty-day time period, the Court must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Although Saturday, November 18, 2017, was the sixtieth day after both the United States Attorney and the Attorney General were served, Monday, November 20, 2018 was the next day that was not a Saturday, Sunday, or legal holiday. That is also the date the United States filed its motion to dismiss.

Further, the ECF calculated deadline for the United States was November 20, 2017. ECF No. 19. As already noted, that is the same date the United States filed its motion to dismiss.

8

Assuming the United States was in default, however, the Court notes it filed its motion to dismiss just three days after Boggs says its response was due. And, as set forth above, it has a meritorious defense. Thus, even if the United States had been in default, inasmuch as Boggs would suffer no prejudice, the Court would set the default aside. For all these reasons, the Court will overrule Boggs's objection on this point.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Boggs's objections, adopts Report I and Report II, and incorporates them herein. Therefore, it is the judgment of this Court both LTI's and the United States' motions to dismiss are **GRANTED**. The claims against LTI are **DISMISSED WITH PREJUDICE**; but because, among other reasons, Boggs has failed to exhaust his administrative remedies, his claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 10th day of May, 2018, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Boggs is hereby notified of the right to appeal this Order within sixty days from the date of this Order in accordance with the Federal Rules of Appellate Procedure.